Michael K. Friedland (SBN 157,217)
mfriedland@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Samantha Y. Hsu (SBN 285,853)
samantha.hsu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff Oakley, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**'14CV0349 GPC DHB**

| | |
|---|---|
| OAKLEY, INC., a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> THERMOR LTD., a Canada company, FRY'S ELECTRONICS, INC., a California corporation, BEST BUY CO., INC., a Minnesota corporation, TOOL KING LLC d/b/a TOOLKING.COM, a Colorado corporation, LAPTOP TRAVEL, LLC, a Minnesota corporation, BEACH TRADING CO., INC. d/b/a BUYDIG.COM, a New Jersey corporation, <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Thermor Ltd. ("Thermor"), Fry's Electronics, Inc. ("Fry's"), Best Buy Co., Inc. ("Best Buy"), Tool King LLC d/b/a Toolking.com ("Toolking.com"), Laptop Travel, LLC ("Laptop Travel"), Beach Trading Co., Inc. d/b/a Buydig.com ("Buydig.com") (collectively "Defendants") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338, as it arises under the patent laws of the United States.

2. This Court has personal jurisdiction over Defendants because Defendants have a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products in this judicial district, and by committing acts of patent infringement in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3. Venue is proper in this judicial district under 28 U.S.C. §1391 (b) and (c), and 28 U.S.C. § 1400(b).

## II. THE PARTIES

4. Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5. Oakley is informed and believes, and thereon alleges, that Defendant Thermor is a company organized and existing under the laws of Canada, having its principal place of business at 16975 Leslie Street, Newmarket, ON, L3Y 9A1.

6. Oakley is informed and believes, and thereon alleges, that Defendant Fry's is a company organized and existing under the laws of the state of California, having its principal place of business at 600 E. Brokaw Road, San Jose, CA 95112.

7. Oakley is informed and believes, and thereon alleges, that Defendant Best Buy is a company organized and existing under the laws of the state of Minnesota, having its principal place of business at 7601 Penn Avenue S., Richfield, MN 55423.

8. Oakley is informed and believes, and thereon alleges, that Defendant Toolking.com is a company organized and existing under the laws of the state of Minnesota, having its principal place of business at 11111 West 6th Avenue, Unit D, Lakewood, CO 80215.

9. Oakley is informed and believes, and thereon alleges, that Defendant Laptop Travel is a company organized and existing under the laws of the state of Minnesota, having its principal place of business at 10200 73rd Avenue N #120, Maple Grove, MN 55369.

10. Oakley is informed and believes, and thereon alleges, that Defendant Buydig.com is a company organized and existing under the laws of the state of Minnesota, having its principal place of business at 80 Carter Drive, Edison, NJ 08817.

11. Oakley is informed and believes, and thereon alleges, that Defendants have committed the acts alleged herein within this judicial district.

### III. GENERAL ALLEGATIONS

12. Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985. Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

/ / /

13. On June 20, 2006, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D523,461 ("the D461 Patent"), entitled "EYEGLASS COMPONENT." Oakley is the owner by assignment of all right, title, and interest in the D461 Patent. A true and correct copy of the D461 Patent is attached hereto as Exhibit A.

14. Defendants manufacture, use, sell, offer for sale and/or import into the United States eyewear that infringe Oakley's patent rights.

## IV. CLAIM FOR RELIEF

(Patent Infringement)

(35 U.S.C. § 271)

15. Oakley repeats and re-alleges the allegations of paragraphs 1-14 of this Complaint as if set forth fully herein.

16. This is a claim for patent infringement under 35 U.S.C. § 271.

17. Thermor, through its agents, employees and servants, have, and continue to, knowingly, intentionally and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the D461 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear which are covered by the D461 Patent, including for example, Thermor's *BIOS Eyewear Cam*.

18. Fry's, through its agents, employees and servants, have, and continue to, knowingly, intentionally and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the D461 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear which are covered by the D461 Patent, including for example, Fry's *BIOS Eyewear Cam*.

19. Best Buy, through its agents, employees and servants, have, and continue to, knowingly, intentionally and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the D461

-3-                                                                                                    COMPLAINT

1  Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear which are covered by the D461 Patent, including for example, Best Buy's *Thermor – BIOS Eyewear Cam*.

20. Toolking.com, through its agents, employees and servants, have, and continue to, knowingly, intentionally and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the D461 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear which are covered by the D461 Patent, including for example, Toolking.com's *Thermor 604FC BIOS Eyeware Action Camera*.

21. Laptop Travel, through its agents, employees and servants, have, and continue to, knowingly, intentionally and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the D461 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear which are covered by the D461 Patent, including for example, Laptop Travel's *BIOS Eyewear Action Cam*.

22. Buydig.com, through its agents, employees and servants, have, and continue to, knowingly, intentionally and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the D461 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear which are covered by the D461 Patent, including for example, Buydig.com's *Thermor LTD 604FC BIOS Eyewear Outdoor Action Camera*.

23. Defendants' acts of infringement of the D461 Patent were undertaken without permission or license from Oakley.  Defendants had actual and/or constructive knowledge of the D461 Patent, and their actions constitute willful and intentional infringement of the D461 Patent.  Defendants infringed the D461 Patent with reckless disregard of Oakley's patent rights.  Defendants knew, or it was so obvious that Defendants should have known, that their

1. actions constituted infringement of the D461 Patent. Defendants' acts of infringement of the D461 Patent were not consistent with the standards of commerce for their industry.

24. As a direct and proximate result of Defendants' patent infringement, Defendants have derived and received gains, profits, and advantages in an amount not presently known to Oakley.

25. Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendants' infringing acts and treble damages together with interests and costs as fixed by this Court.

26. Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendants' total profits from the sale of eyewear that infringe any one of Oakley's design patents.

27. Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

28. Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

29. Defendants will continue to directly and/or indirectly infringe the D461 Patent to the great and irreparable injury of Oakley, unless enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendants for the following relief:

A. An Order adjudging each of Defendants to have willfully infringed the D461 Patent under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendants, their respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, from directly or indirectly infringing the D461 Patent in violation of 35 U.S.C. § 271;

1  C. That Defendants account for all gains, profits, and advantages derived by Defendants' infringement of the D461 Patent in violation of 35 U.S.C. § 271, and that Defendants pay to Oakley all damages suffered by Oakley and/or Defendants' total profit from such infringement pursuant to 35 U.S.C. § 289;

D. An Order for a trebling of damages and/or exemplary damages because of Defendants' willful conduct pursuant to 35 U.S.C. § 284;

E. An Order adjudging that this is an exceptional case;

F. An award to Oakley of the attorney fees, expenses, and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

G. An award of pre-judgment and post-judgment interest and costs of this action against Defendants;

H. That Oakley have and recover the costs of this civil action, including reasonable attorneys' fees;

I. An award of pre-judgment and post-judgment interest and costs of this action against Defendants; and,

J. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 13, 2014    By: */s/ Ali S. Razai*
    Michael K. Friedland
    Ali S. Razai
    Samantha Y. Hsu
Attorneys for Plaintiff Oakley, Inc.

# DEMAND FOR JURY TRIAL

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 13, 2014   By: */s/ Ali S. Razai*
                      Michael K. Friedland
                      Ali S. Razai
                      Samantha Y. Hsu
                      Attorneys for Plaintiff Oakley, Inc

17130120